

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

March 31, 1986

Honorable James H. Keeshan
District Attorney
Montgomery County Courthouse
Conroe, Texas   77301

Opinion No.  JM-461

Re:   Proper custodian of re-
cognizances and bail bonds
collected by a municipal judge
prior to forfeitures

Dear Mr. Keeshan:

You ask about the disposition of money received as a bail bond by a municipal judge. You want to know who is the proper custodian of a cash bond <u>before forfeiture</u>.

The city of Patton Village argues that a cash bond should be deposited with the city treasurer. The city bases its argument on article 1001, V.T.C.S., which provides:

> The treasurer shall give bond in favor of the city in such amount, and in such form as the city council may require, with sufficient security to be approved by the city council, conditioned for the faithful discharge of his duties. <u>He shall receive and securely keep all moneys belonging to the city</u>, and make all payments for the same upon the order of the mayor, attested by the secretary under the seal of the corporation. No order shall be paid unless the said order shall show upon its face that the city council has directed its issuance, and for what purpose. He shall render a full and correct statement of his receipts and payments to the city council, at their first regular meeting in every quarter and whensoever, at other times, he may be required by them so to do. He shall do and perform such other acts and duties as the city council may require. He shall receive such compensation as the city council shall fix. (Emphasis added).

A municipal judge, on the other hand, argues that the disposition of a cash bond deposited with the court is governed by article 17.02 of the Code of Criminal Procedure.

The rules set out in the Code of Criminal Procedure regarding bail are applicable in all instances in which bail is taken of a person accused of an offense. Code Crim. Proc. art. 17.38. The Code of Criminal Procedure provides that upon execution of a bail bond a defendant may deposit "with the custodian of funds of the court in which the prosecution is pending current money of the United States in the amount of the bond" instead of having sureties sign the bond. Code Crim. Proc. art. 17.02. Therefore, article 17.02 controls the disposition of any bond.

Although article 1001 does not control this question, we do think that the city treasurer could be made the custodian of funds for the municipal court. We find no statute that designates the custodian of funds for a municipal court. There is a statute, however, that allows the governing body of a city to adopt "rules and regulations concerning the practice and procedure" in a municipal court. Code Crim. Proc. art. 45.06. We think that this statute grants a city broad enough power to designate who shall act as custodian of the funds for the municipal court. We note, though, that the custodian of the funds is not free to dispose of the money. The money does not belong to the city. It must be returned to the defendant upon his compliance with the conditions of his bond. Code Crim. Proc. art. 17.02.

## SUMMARY

The custodian of funds for the municipal court is the proper custodian for funds received by the municipal court to be held as a bail bond. The governing body of a city has authority to designate the custodian of funds for a municipal court pursuant to article 45.06 of the Code of Criminal Procedure.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General